IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON BRADFORD, #475321, <br> LAMONTE BARNES, <br> JALYN GIVENS, <br> and STEVEN FILLER, <br><br>   Plaintiff, <br><br> vs. <br><br> ST. CLAIR COUNTY JAIL, <br> RICHARD WATSON, <br> SGT. MOORE, <br> DR. GREEN, and <br> JANE DOE 1, <br><br>   Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 25-cv-01536-JPG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Brandon Bradford filed a Complaint (Doc. 1) and Motion for Leave to Proceed *in forma pauperis* (IFP motion) (Doc. 2) on August 4, 2025. In the Complaint, he brings claims under 28 U.S.C. § 1331 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, for alleged violations of his rights under the Health Insurance Portability and Accountability Act at St. Clair County Jail. Plaintiff Bradford was the only plaintiff who signed and filed these documents, but Jalyn Givens, LaMonte Barnes, and Steven Filler were also listed as plaintiffs.

The Court could not screen this matter under 28 U.S.C. § 1915A, until each co-plaintiff signed and filed a Complaint and either paid the filing fee or filed an IFP motion. The Court entered an Order requiring all plaintiffs to sign and file a Complaint and IFP motion on or before August 26, 2025. (Doc. 10). In addition, the Court reminded the plaintiffs of their ongoing obligation to file written notice of any address change within fourteen days of the change. (Doc. 4).

1

The Court warned Plaintiffs that failure to comply with these Orders would result in their dismissal from the action. (Docs. 4, 10).

Plaintiff Bradford's mail was returned to the Court undelivered with a note indicating that he is no longer in custody at St. Clair Count Jail. (*See* Docs. 3-5, 7-12, and 15). More than fourteen days have passed since the Court received this returned mail, and Plaintiff Bradford has not notified the Court of any address change. He also failed to respond to the Court's order to show cause (Doc. 9) why this case should not be dismissed for non-compliance with the Order to update his address at Doc. 4 and for failure to prosecute his claims herein. No other co-plaintiffs have filed a signed Complaint, signed IFP motion, or show cause response in this case, and the deadline for doing so has expired.

Accordingly, this action is **DISMISSED** without prejudice for noncompliance with the Court's Orders at Docs. 4, 9, and 10 and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff Bradford's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $405.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). No other filing fee will be assessed for the co-plaintiffs because they have not filed a signed complaint, IFP motion, or any other document indicating that they wish to proceed with this multi-plaintiff case.

If Plaintiff Bradford would like to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff Bradford does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547

2

F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 9/8/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
